UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>   *Plaintiff,*<br><br>  v.<br><br>DOE 1 a/k/a YUCHENG CHANG and DOES 2–25,<br><br>   *Defendants.* | Civil Action No.: |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO REDACT CERTAIN PERSONAL IDENTIFYING
INFORMATION AND TO FILE APPENDIX A UNDER SEAL**

In connection with its Motion for an *Ex Parte* Temporary Restraining Order and Order to Show Cause ("TRO Motion"), Plaintiff Google LLC ("Google" or "Plaintiff") seeks leave under Federal Rule of Civil Procedure 5.2(d)–(e) to (1) redact information identifying its supporting declarants to protect those individuals' privacy interests and prevent harassment or retaliation from the Defendants; and (2) file Appendix A to the Naxo Declaration in Support of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order and Order to Show Cause ("Appendix A") under seal and redact references to the contents of Appendix A.

Google has filed a Complaint and TRO Motion to disrupt Defendants' commission of various cybercrimes and to recover for the injuries these crimes have inflicted on Google, its customers, and the public. Google seeks *ex parte* relief in its TRO Motion to disable the domains set forth in Appendix A and mitigate the irreparable harm caused by Defendants' criminal conduct. Defendants are cybercriminals based in China. Due to the surreptitious nature of Defendants'

cybercriminal activity, Google does not yet know the true identities of Defendants, sued as Doe 1 a/k/a Yucheng Chang and Does 2–25.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *See Kahle v. Cargill, Inc.*, 2024 WL 5168057, at *1 (S.D.N.Y. Dec. 19, 2024) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, "[w]hen a district court initially considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to [filed] documents." *Fournier v. Erickson*, 242 F. Supp. 2d 318, 341 (S.D.N.Y. 2003) (quoting *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)). "Documents may be sealed 'only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *1 (S.D.N.Y. Sept. 27, 2019) (quoting *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019)).

First, Google respectfully submits that good cause exists to redact the names of its declarants because it is necessary to protect these individuals' privacy interests and prevent harassment or retaliation from the Defendants. Google's requested relief seeks to effectuate a disruption of the Defendants' phishing schemes and, as a result, its financial interests. Defendants may seek to retaliate. Indeed, in response to a recent case Google brought targeting a cybercriminal scheme, Defendants in that case attempted to contact members of Google's legal team by email and in-person. *See Google LLC v. Does 1–25*, 1:25-cv-04503 (S.D.N.Y. July 11, 2025), ECF No. 23 (letter requesting redactions of declarant and certain other identifying information). Google seeks to prevent similar outreach here.

Courts may redact the name of a declarant when publishing the individual's name "may increase the likelihood of future threatening behavior, implicating concerns of witness safety and the danger of impairing judicial efficiency." *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *2 (S.D.N.Y. May 16, 2023) (redacting "the names and other identifying information of its expert witnesses and investor declarants"). Google's proposed redactions therefore "are 'necessary to preserve higher values' of witness safety and judicial efficiency." *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

And the redactions Google seeks—to only a few isolated mentions of the declarants' names and other identifying information—are "narrowly tailored to protect only this sensitive ... information." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021). They offer meaningful protection to the declarants' privacy interests but do not unduly infringe on the public's interest in access to information.

Second, Google respectfully submits that good cause exists for sealing Appendix A and redacting any references to the domains contained in Appendix A. *See Kahle*, 2024 WL 5168057, at *2 ("[T]he weight of the presumption of public access is balanced against competing interests, which include but are not limited to the danger of impairing law enforcement or judicial efficiency." (internal quotations omitted)). Defendants are a group of foreign cybercriminals who engage in relentless phishing attacks to steal personal and financial information and perpetrate cybercrimes. To commit these attacks, Defendants developed a software known as "Magic Cat" that is an end-to-end phishing kit with the technological tools for creating and executing phishing attacks. Using Magic Cat and the Enterprise's resources, Defendants deceive victims into turning over account information, passwords, banking information, and other sensitive financial data. Defendants then use this information to steal victims' money or sell it to other criminal actors.

Google seeks to disrupt the infrastructure on which Defendants rely, including specific web domains that Defendants use to orchestrate their crimes, some of which have already been identified and included in Appendix A and referenced in Google's pleadings and supporting materials. To do so, Google must act quickly and without notice to Defendants of Google's intended targets to ensure that Defendants do not have an opportunity to change or move their infrastructure. Defendants are sophisticated, well-organized, and have the means to evade disruption. If they receive notice of the domains Google seeks to disrupt, they may adjust their operations to carry out their schemes using new domains, as they have before.

Federal district courts routinely grant motions to seal and redact when a plaintiff seeks to disrupt malicious cyber threats engaging in fraudulent activities.[1] Here, Google has narrowly tailored its request to seal only Appendix A and references to the domains listed in Appendix A. And once Google obtains a temporary restraining order and effectuates its disruption plan pursuant thereto, it will move to unseal Appendix A and the references to Appendix A's contents. Good cause exists to seal Appendix A because public disclosure of the domains Google seeks to disrupt before Google has effectuated the disruption would allow Defendants to destroy evidence and alter their operations to avoid disruption and thereby continue to profit from their unlawful activities at the expense of Google, its customers, and the general public.

---

[1] *See, e.g.*, *Google LLC v. Does 1–25*, No. 1:25-cv-04503 (S.D.N.Y. May 30, 2025), ECF No. 1 (sealing similar filings, including appendix listing domain targets, to disrupt the "BadBox 2.0" botnet); *Microsoft Corporation v. Duong Dinh Tu*, No. 1:23-cv-10685 (S.D.N.Y. Dec. 6, 2023), ECF No. 1 (sealing similar filings to disrupt the "Storm-1152" scheme in which Defendants used internet bots to open and sell fraudulent email accounts for criminal purposes); *Microsoft Corporation v. Nady and Does 1–3*, No. 1:24-cv-02013 (E.D. Va. Nov. 13, 2024), ECF No. 19 (sealing similar filings to disrupt the "ONNX" phishing scheme).

For these reasons, Google requests that the Court grant Google's motion, allowing (1) the declarants' names and other identifying information to be redacted, and (2) Appendix A to be sealed and references to its contents to be redacted.

Dated: December 17, 2025

Respectfully submitted,

/s/ *Laura Harris*
Laura Harris
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Fl.
New York, NY 10104-0101
Tel: (212) 556-2100
Fax: (212) 556-2222
lharris@kslaw.com

Christine Carletta
Paul Weeks (*pro hac vice* to be submitted)
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Tel: (202) 737-0500
Fax: (202) 626-3737
ccarletta@kslaw.com
pweeks@kslaw.com

Sumon Dantiki (*pro hac vice* to be submitted)
**BAKER MACKENZIE LLP**
815 Connecticut Avenue, N.W.
Washington, DC 20006
Tel: (202) 452-7000
Fax: (202) 452-7074
sumon.dantiki@bakermckenzie.com

*Counsel for Plaintiff Google LLC*

## CERTIFICATE OF COMPLIANCE

I, Laura Harris, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c), that the foregoing Plaintiff's Memorandum of Law in Support of Its Motion to File Civil Case Under Seal was prepared using Microsoft Word and contains 1,158 words in accordance with Local Rule 7.1(c).

Dated: December 17, 2025

                                                      */s/ Laura Harris*
                                                      Laura Harris