# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>   *Plaintiff,*<br><br>  v.<br><br>DOE 1 a/k/a YUCHENG CHANG and DOES 2–25,<br><br>   *Defendants.* | Civil Action No.: |

## [PROPOSED] *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Plaintiff Google LLC ("Google" or "Plaintiff") has filed a Complaint for injunctive and other relief to stop Defendants Doe 1 a/k/a Yucheng Chang and Does 2–25, a criminal enterprise (the "Darcula Enterprise" or the "Enterprise"), from using novel software to facilitate large-scale phishing attacks that have harmed over one million victims, including Google.

Google filed a Complaint alleging claims under (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)–(d) (Count I); (2) the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a)(1)(A), 1125(a)(1)(B) (Count II); and (3) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(6) (Count III). Google has moved under seal and *ex parte* for a temporary restraining order and an order to show cause why a preliminary injunction should not issue under Federal Rule of Civil Procedure 65 and 28 U.S.C. § 1651.

**THE COURT HEREBY FINDS THAT:**

1. This Court has federal-question jurisdiction over Google's claims under RICO, the Lanham Act, and the CFAA pursuant to 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over Defendants because:

a. Defendants have intentionally targeted and harmed Google, a company based in the United States. Defendants also have engaged in intentional, wrongful, illegal, and/or tortious acts, the effects of which Defendants intended to and knew would be felt in the United States and New York. Google does business in New York and has done business in New York for many years, including in this District.

b. Defendants have affirmatively directed actions at the United States, including this District, and Defendants attempted to phish and have successfully phished personal and financial information from victims within this District and New York State.

c. Defendants have used Google's trademarks as part of fake websites used to solicit victims' personal and financial information within this District and New York State, and have directed multiple forms of electronic communication to user devices in this District and New York State.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States and may be sued in any judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) and 18 U.S.C. § 1965(a) because a substantial part of the events or omissions giving rise to Google's claims occurred in this judicial district, because a substantial part of the harm caused by Defendants has occurred in this judicial district, and because Defendants transact their affairs in this judicial district. Moreover, Defendants are subject to personal jurisdiction in this judicial district, and no other venue appears to be more appropriate.

4. The Complaint pleads facts with the specificity required by the Federal Rules of Civil Procedure and states claims against Defendants for violations of (1) RICO, 18 U.S.C.

§ 1962(c)–(d) (Count I); (2) the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a)(1)(A), 1125(a)(1)(B) (Count II); and (3) the CFAA, 18 U.S.C. § 1030(a)(6) (Count III).

## Temporary Restraining Order Factors

5. The Court finds that Google has established each of the factors required for a temporary restraining order: (1) specific facts in declarations show that Google is likely to suffer immediate, irreparable harm before Defendants can be heard; (2) Google is likely to succeed on the merits and/or has established a substantial question as to the merits; (3) the balance of hardships tips in Google's favor; and (4) a temporary restraining order serves the public interest. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34–35 (2d Cir. 2010); Fed. R. Civ. P. 65(b)(l)(A).

## Irreparable Harm

6. Google has established by specific facts that in the absence of a temporary restraining order, it will suffer immediate, irreparable harm before Defendants can be heard in opposition. Defendants—through their operation of the Darcula Enterprise to participate in and carry out numerous criminal phishing scams (the "Darcula Schemes")—have threatened the security of the Internet and are causing ongoing and irreparable harm to Google and the public by using phishing attacks to steal personal and financial information, defrauding unsuspecting targets, impairing Google's reputation and goodwill, and causing Google (and numerous others) unrecoverable financial losses. Until the Darcula Schemes are disrupted, the Enterprise will continue to profit from its unlawful activities at the expense of Google and members of the public.

7. Defendants' conduct is injuring Google's goodwill and damaging its reputation by falsely associating Google with fraud perpetrated by the Darcula Enterprise, and injuries to goodwill and reputation constitute irreparable harm. Google has suffered and continues to suffer

economic losses from the Darcula Schemes because Google has expended (and continues to expend) substantial financial resources into developing strong brand recognition associated with its name, logos, and products, and investigating and combat Darcula Schemes and to identify measures necessary to remediate the harms caused by the Darcula Schemes. These injuries constitute irreparable harm, including because Google has shown a likelihood that Defendants would take steps to avoid complying with any judgment.

### Likelihood of Success on the Merits

8. Google has demonstrated that its Complaint presents a substantial question as to each of its claims and that it is likely to succeed on the merits of its claims. *See Sterling v. Deutsche Bank Nat'l Tr. Co. as Trs. for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019).

9. *The Lanham Act*. Google has shown a likelihood of success on the merits of its claims that Defendants violated and continue to violate the Lanham Act. Section 1114 of the Lanham Act prohibits infringement of a registered trademark or service mark. Infringement occurs when a valid, protectable mark is used in commerce and is likely to cause confusion, to cause mistake, or to deceive. 15 U.S.C. § 1114(1); *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003). Defendants violated this provision by exploiting Google's trustworthy, well-known, valid, protectable, and registered Marks on their spoofed websites to deceive consumers. Section 1125(a) prohibits false "designations of origin" that are likely to cause confusion as to the sponsorship of a product or service. 15 U.S.C. § 1125(a)(1)(A). A claim under section 1125(a)(1)(A) has the same elements as a claim under section 1114(1) and can be established with the same evidence, *Victorinox AG v. B & F System, Inc.*, 114 F. Supp. 3d 132, 139 (S.D.N.Y. 2015), so Google's section 1125(a)(1)(A) claim is likely to succeed for the same reasons. Section 1125(a) also prohibits false advertising. 15 U.S.C. § 1125(a)(1)(B). To qualify as false advertising,

a representation must be (1) false, (2) material, (3) placed in interstate commerce, and (4) have caused injury to the plaintiff. *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016). Google has demonstrated that Defendants deceive Internet users by using Google's Marks on their spoofed websites. Google has shown that the representations are literally false because they are not from or endorsed by Google and that the representations are material because the Defendants' schemes are only successful because their websites appear to be real. The messages bearing Google Marks are placed in interstate commerce on the Internet, and Google has demonstrated injury to its goodwill and through costs to combat the Darcula Schemes. Google is thus likely to succeed on its Lanham Act claims.

10. *RICO*. Google has shown a likelihood of success on the merits of its claim that Defendants have violated and continue to violate the RICO statute, and that Defendants engaged in a RICO conspiracy.

   a. Google has shown that Defendants are active participants in the operation and management of the Darcula Enterprise, which uses Magic Cat software to dupe people in the United States and around the world into clicking on malicious links leading to spoofed websites as part of phishing schemes.

   b. Google has established that Defendants constitute an enterprise. Defendants are associated-in-fact and share a common purpose defrauding victims into disclosing sensitive personal information, including financial account details, and stealing their money. Darcula Enterprise members all take part in directing the aspects of the scheme: some develop the Magic Cat software, architecture, and user interface; others manage an online community that recruits new Enterprise members; others supply potential victims' contact information; others specialize in phishing

strategies; and still others steal information and money from victims after the Enterprise phishes their credentials. Defendants collaborate to establish, grow, and manage the Darcula Enterprise, and coordinate to execute sophisticated phishing schemes.

c. Google has established that Defendants have engaged in a pattern of racketeering activity. *See* 18 U.S.C. § 1961(1), (5); *id.* § 2332b(g)(5)(B). The predicate acts include violations of the federal wire fraud statute, 18 U.S.C. § 1343. Defendants have, with intent to defraud and obtain money or property by means of false or fraudulent pretenses, committed wire fraud and continue to commit wire fraud by transmitting signals in interstate or foreign commerce for the purpose of deceiving device owners into submitting sensitive personal or financial information through deception, in violation of 18 U.S.C. § 1343.

d. Google has suffered injury to its business or property as a result of these predicate offenses by devoting substantial financial resources to investigate and remediate Defendants' criminal schemes in order to protect its goodwill and reputation.

e. Google has demonstrated that Defendants have engaged in a RICO conspiracy. The links among the Defendants—such as use of the Magic Cat software, communication over dedicated Telegram channels, and the methods used to deploy phishing schemes using Magic Cat and other Enterprise-controlled resources—demonstrate that the Enterprise formed an agreement as part of a common scheme and conspiracy.

11. *CFAA*. Google has shown a likelihood of success on the merits of its claim that Defendants violated and continue to violate the CFAA. Google has demonstrated that Defendants

have—knowingly and with intent to defraud—trafficked in passwords or similar information through which a computer may be accessed without authorization in interstate commerce through Telegram channels and other online forums in violation of 18 U.S.C. § 1030(a)(6). Defendants transfer and sell phished account credentials and authorization codes to other members of the Enterprise and other cybercriminals. Defendants' actions have caused loss to one or more persons in excess of $5,000 in a one-year period. *See id*. §§ 1030(g), 1030(c)(4)(A)(i)(I), including loss to Google, *see id.* § 1030(e)(11); *see also Saunders Ventures, Inc. v. Salem*, 797 F. App'x 568, 572–73 (2d Cir. 2019).

### **Balance of Hardships**

12. The equities also favor a temporary restraining order. The Darcula Enterprise is defrauding consumers and injuring Google and continues to victimize more people each day. No countervailing factors weigh against a temporary restraining order. There is no legitimate reason why Defendants should be permitted to continue to weaponize Google's branding to defraud the public and commit cybercrimes.

### **Public Interest**

13. Google has shown that the public interest favors granting a temporary restraining order.

14. The Darcula Enterprise has defrauded over one million victims, while using their ill-gotten funds to support other criminal schemes. With each passing day, Defendants deceive new victims. Protection from malicious cyberattacks and other cybercrimes is strongly in the public interest.

15. The public interest is also served by enforcing statutes designed to protect the public, including RICO, the Lanham Act, and the CFAA.

### Good Cause for *Ex Parte* Relief

16. As discussed above, Google has set forth facts demonstrating immediate and irreparable harm. There is good cause to believe that if Defendants are provided advance notice of Google's TRO application or this Order, they would dissipate the Darcula Enterprise's infrastructure and resources, allowing them to continue their misconduct, and they would destroy, move, hide, conceal, or otherwise make inaccessible to the Court evidence of their misconduct.

### Good Cause for Alternative Service

17. The Court finds good cause exists to grant alternative service of the filings in this matter by email using any information available from web-hosting companies provided in connection with domain names used in the Darcula Schemes and/or any email addresses identified through Google's investigation; website publication; and/or other means because Google establishes that traditional service methods would be futile. Given the online nature of Defendants' conduct, online alternative service is most likely to give Defendants notice of the filings pertaining to this lawsuit.

### TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

**IT IS HEREBY ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, and each of the foregoing, who receive actual notice of this Order by personal service or otherwise ("Restrained Parties"), are temporarily restrained and enjoined, from, anywhere in the world:

18. Using, linking to, transferring, selling, exercising control over, or otherwise owning any interest in or accessing Magic Cat or the Internet domains through which the Darcula Enterprise perpetrates its phishing schemes, set forth in **Appendix A** to the Naxo Declaration in

Support of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order and Order to Show Cause ("Appendix A");

19. Attacking and compromising the security of the computers and networks of Google's customers;

20. Intentionally accessing protected computers and computer networks of Google's customers without authorization;

21. Sending messages or advertisements with links to malicious websites;

22. Engaging in phishing schemes;

23. Stealing or selling credentials from victims of phishing schemes;

24. Monitoring the activities of Google or Google's customers or stealing information from them;

25. Impersonating Google, its systems, products, and services;

26. Creating websites that falsely indicate that they are associated with Google, YouTube, or any other Google product or affiliate, through use of Google's trademarks and/or other false and/or misleading representations;

27. Misappropriating that which rightfully belongs to Google, Google's customers and users, or in which Google has a proprietary interest;

28. Configuring, deploying, operating, or otherwise participating in or facilitating the Darcula Enterprise described in the moving papers, including but not limited to the Internet domain names listed in Appendix A and through any other component or element of Defendants' illegal infrastructure in any location, including infrastructure Defendants may attempt to rebuild;

29. Delivering malicious code designed to steal credentials;

30. Selling access to the accounts of Google's customers;

31. Offering, promoting, or selling victims' credit cards or other financial information to others for use;

32. Using, transferring, exercising control over, or accessing any accounts used in the transfer of money or electronic currency, including cryptocurrency, or in the processing of card-based transactions, as a means to further Defendants' unlawful schemes; and/or

33. Undertaking any similar activity that inflicts harm on Google, Google's customers, or the public.

34. Upon service as provided for in this Order, Defendants and other Restrained Parties shall be deemed to have actual notice of the issuance and terms of the Order, and any act by any of the Restrained Parties in violation of any of the terms of the Order may be considered and prosecuted as contempt of court.

35. The Clerk of the Court is to issue a summons to Defendant Doe 1 a/k/a Yucheng Chang and a summons to Defendants Does 2–25 for Google to serve on Defendants.

36. Service of this Order shall be effectuated on or before January 4, 2025.

**IT IS FURTHER ORDERED** that the Restrained Parties are temporarily restrained and enjoined from:

37. Using and infringing Google's trademarks, including but not limited to Plaintiff's Google mark (RN: 5365541), Google Play mark (RN: 5628029), and YouTube mark (RN: 87984068), and/or other trademarks, trade names, service marks, or Internet domain addresses or names containing or infringing such trademarks, trade names or service marks, as set forth in **Appendix B** to the Google Declaration in Support of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order and Order to Show Cause, which contains Google's trademarks, trade names, service marks, or Internet domain addresses or names containing or infringing such trademarks,

trade names or service marks, or other intellectual property infringed as a result of Defendants' activities;

38. Using in connection with Defendants' activities, products or services with any false or deceptive designation, representations, or descriptions of Defendants or of their activities, whether by symbols, words, designs, or statements, which would damage or injure Google or its customers or users, or would give Defendants an unfair competitive advantage or result in deception of consumers; and

39. Acting in any other manner that suggests in any way that Defendants' activities, products, or services come from or are somehow sponsored by or affiliated with Google, or passing off Defendants' activities, products, or services as Google's.

**IT IS FURTHER ORDERED** that, pursuant to the All Writs Act, Google may serve this Order on the persons or entities hosting or providing services related to the domains identified in Appendix A, requesting that those persons and entities take their best efforts to implement the following actions:

40. Take reasonable steps to identify incoming and/or outgoing Internet traffic on their respective networks that originates or is being sent from or to the domains identified in Appendix A;

41. Within three (3) business days of receipt of this Order, or as soon as practicable, take reasonable steps to block and/or disrupt access of incoming and/or outgoing Internet traffic or communications on their respective networks that originates and/or is being sent from or to the domains identified in Appendix A by Defendants or Defendants' representatives or resellers, except as explicitly provided for in this Order;

42. Take other reasonable steps to block and/or disrupt access of such traffic to and/or from any other IP addresses, domains, or Internet channels to which Defendants may move the Darcula infrastructure, including those identified by Google in an amendment to Appendix A, to ensure that Defendants cannot use such infrastructure to facilitate and expand the use of Magic Cat or continue to perpetrate illegal acts;

43. Make the computers, servers, electronic data storage devices, software, data, or media assigned to or otherwise associated with the domains set forth in Appendix A and make them inaccessible from any other computer on the Internet, any internal network, or in any other manner, to Defendants, Defendants' representatives, and all other persons, except as otherwise ordered herein;

44. Completely, and until further order of this Court, suspend all services to Defendants or Defendants' representatives or resellers associated with the domains set forth in Appendix A;

45. Should a provider identify any content and/or software hosted at the domains listed in Appendix A that it reasonably believes is not associated with Defendants, the provider shall preserve any such content and/or software; and contact Google's counsel, Laura Harris, at King & Spalding LLP, 1290 Avenue of the Americas, 14th Floor, New York, New York 10104-0101, and lharris@kslaw.com, within one (1) business day;

46. Refrain from providing any notice or warning to, or communicating in any way with Defendants or Defendants' representatives, and refrain from publicizing this Order until the steps required by this Order are executed in full, except as necessary to communicate with hosting companies, data centers, Google, or other ISPs to execute this Order;

47. Not enable, and take all reasonable steps to prevent, any circumvention of this Order by Defendants or Defendants' representatives associated with the domains listed in

Appendix A, including without limitation enabling, facilitating, and/or allowing Defendants or Defendants' representatives or resellers to rent, lease, purchase, or otherwise obtain other services associated with those domains and IP addresses;

48. Preserve, retain, and produce to Google all documents and information sufficient to identify and contact Defendants and Defendants' representatives operating or controlling the domains set forth in Appendix A, including any and all individual or entity names, mailing addresses, e-mail addresses, facsimile numbers, telephone numbers, or similar contact information, including but not limited to such contact information reflected in billing, usage, access, and contact records and all records, documents, and logs associated with the use of or access to such domains and IP addresses;

49. Provide reasonable assistance in implementing the terms of this Order and take no action to frustrate the implementation of this Order; and

50. Completely preserve the computers, servers, electronic data storage devices, software, data, or media assigned to or otherwise associated with the domain names set forth in Appendix A, and preserve all evidence of any kind related to the content, data, software or accounts associated with such domains, IP addresses, and computer hardware.

51. In determining the method and mechanism to disable content and software associated with Defendants, the relevant persons and/or entities shall reasonably confer with Plaintiff's counsel of record in this action.

**IT IS FURTHER ORDERED** that Google may amend Appendix A if it identifies other domains used by Defendants in connection with the Darcula Enterprise, including any such domains that might not yet exist, without further order of this Court.

**IT IS FURTHER ORDERED**, that, good cause having been shown, Google may effectuate service using alternative service, including service of process, by electronic means—including by email using any information available from web-hosting companies provided in connection with domain names used in the Darcula Schemes or identified by Google in its investigation; website publication; and/or other means ordered herein—shall be deemed effective as to Defendants through the pendency of this action.

**IT IS FURTHER ORDERED**, that, good cause having been shown, this Court shall extend the TRO for an additional nine days, until January 9, 2026. Google's request is not the result of any lack of diligence on its part but instead based upon the elaborate nature of Defendants' unlawful conduct and the need to disrupt that conduct over the holidays. Defendants will not be prejudiced by the extension Google seeks. Defendants do not have any legitimate interest that will be impaired by a brief extension of the TRO; they are being enjoined from engaging in conduct that is already prohibited by law.

## Security for Temporary Restraining Order

**IT IS FURTHER ORDERED** that Google shall post bond in the amount of $75,000 to be filed with the Clerk. The Clerk shall accept Google's submission of $75,000 in satisfaction of this Order's bond requirement.

## Hearing On Order to Show Cause

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 65(b), and good cause having been shown that a brief extension of the TRO is warranted, that Defendants shall appear before this Court on January 9, 2026, at 10:00 am to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining the conduct temporarily restrained by the preceding provisions of this

Order. Good cause has been shown for this Order to remain in effect through the Preliminary Injunction hearing, absent further order from the Court, given the need for additional time to effectuate the disruption ordered herein in light of the upcoming holidays.

So ordered.

                                                               _____
United States District Judge

Date: _____

Time: _____

Place: _____