UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>  -v-<br><br>DOE 1 a/k/a YUCHENG CHANG and DOES 2-25,<br><br>    Defendants. | 25-cv-10440 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

    Contemporaneous with this Order, the Court grants plaintiff Google LLC's ("Google") unopposed preliminary injunction motion. The Court writes separately to address the issue of service.

    On December 17, 2025, plaintiff filed this action against twenty-five "Doe" defendants, who plaintiff contends are likely located in China. Plaintiff also sought a TRO from this Court and requested the Court's permission to serve defendants by alternative means, namely by website publication and email under Federal Rule of Civil Procedure 4(f)(3). See Pl's Mem. of Law in Support of its Mtn. for an Ex Parte TRO ("TRO Mem.") at 23, ECF No. 8. The Court granted the TRO and authorized the alternative means of service requested. See ECF No. 18.

    The next day, the Second Circuit held in Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi, No. 24-313, 2025 WL 3672740 (2d Cir. Dec. 18, 2025), that the Hague Convention, where it applies, does not permit email service of defendants located abroad. Accordingly,

at the January 9, 2026 preliminary injunction hearing, the Court directed plaintiff to submit supplemental briefing addressing the impact, if any, of the Second Circuit's decision in Smart Study on the means of service appropriate in this action.

Having considered plaintiff's supplemental briefing, the Court concludes that alternative service by electronic means is proper and is not prohibited by the Hague Convention in this case. The Hague Convention, which generally governs service of individuals located abroad, does not apply "where the address of the person to be served with the document is not known." Hague Convention, Art. I; see also Smart Study, 2025 WL 3672740, at *2. Courts in this district and elsewhere have concluded that an address is "not known" "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." Kelly Toys Holdings, LLC v. Top Dep't Store, 22 Civ. 558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (citation omitted) (collecting cases). The exercise of reasonable diligence is a fact-specific inquiry, but Courts have found it satisfied when a plaintiff had attempted to obtain the defendant's address in a variety of ways. See Kumar v. Alhunaif, 2023 WL 8527671, at *3 (S.D.N.Y. Dec. 8, 2023).

Plaintiff has demonstrated reasonable diligence in this case. Plaintiff has attempted to ascertain defendants' addresses through multiple means, including by (1) hiring a cyber investigation firm to pursue an extensive investigation into defendants, (2) seeking the disclosure of addresses associated with defendants from domain

2

registrars, and (3) attempting test mailings and other means of testing the accuracy of the addresses obtained. See Pl.'s Suppl. Br. at 9-10, ECF No. 27. As set forth in plaintiff's detailed declarations and in its supplemental brief, plaintiff has been unable to verify the true identities of the defendants or their physical addresses, and, of the addresses obtained from domain registrars, plaintiff's further investigations have determined that the addresses are either fake, lacking necessary information, associated with different entities, and/or are located in countries that are not signatories to the Hague Convention. See id. at 10-11; Harris Decl. ¶¶ 7, 17, 19-26, ECF No. 28; Cai Decl. ¶¶ 6, 9, ECF No. 30; Lam Decl. ¶¶ 5, 1,7 ECF No. 29. Accordingly, because defendants' addresses are "not known," the Hague Convention does not apply to prohibit email service in this case.

In the absence of any prohibition under the Hague Convention, the Court concludes that service through email and website publication is proper under Federal Rule of Civil Procedure 4(f)(3). See Fed. R. Civ. P. 4(f)(3) (authorizing service "by other means not prohibited by international agreement, as the court orders"); see also Smart Study, 2025 WL 3672740, at *2 (noting that "[b]oth the Rule 4(f)(2) and 4(f)(3) paths are open when" the defendant's address is unknown). Indeed, as plaintiff explains, the email addresses that plaintiff has obtained from domain registrars for domains associated with defendants are likely valid and operational given that domain registrars use those addresses for billing and other administrative issues and because defendants' enterprise relies on the use of those domains. See Harris

3

Decl. ¶ 14. Thus, plaintiff has "supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." NYKCool A.B. v. Pac. Int'l Servs., Inc., 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014). Accordingly, the alternative means of service that plaintiff proposes is "reasonably calculated, under all the circumstances, to apprise [defendants] of the pendency of the action." See Kelly Toys, 2022 WL 3701216, at *9 (quoting Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen, No. 12-CV-1112 (VSB), at *5 (S.D.N.Y. Sept. 30, 2018).

The Court therefore grants plaintiff's request to serve defendants by the alternative means specified.

SO ORDERED.

New York, NY
February 9, 2026

_____
JED S. RAKOFF, U.S.D.J.

4